# 26-638-cv

# United States Court of Appeals

*for the*

# Second Circuit

YESHIVA OHR SHRAGA VERETZKY,

*Plaintiff-Appellant,*

– v. –

TOWN OF HIGHLAND ZONING BOARD OF APPEALS,
TOWN OF HIGHLAND,

*Defendants-Appellees,*

TOWN OF HIGHLAND PLANNING BOARD,
TOWN BOARD OF THE TOWN OF HIGHLAND,

*Defendants.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

## BRIEF FOR DEFENDANTS-APPELLEES

LEO DORFMAN
SOKOLOFF STERN LLP
*Attorneys for Defendants-Appellees*
179 Westbury Avenue, Suite 201
Carle Place, New York 11514
(516) 334-4500

COUNSEL PRESS
A Proceed Service
The Appellate Experts®

(800) 4-APPEAL • (393736)

**TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................i

TABLE OF AUTHORITIES.........................................................................ii

ISSUES PRESENTED ..................................................................................1

STANDARD OF REVIEW............................................................................2

COUNTERSTATEMENT OF THE CASE .....................................................4

SUMMARY OF ARGUMENT.......................................................................7

ARGUMENT.................................................................................................9

    I.    The Finality Requirement is a Threshold Prerequisite to Suit That Governs Every Claim the Appellant Asserts.............................................9

    II.    Under Settled Second Circuit Law, The Appellant Never Obtained A Final Decision Because It Never Applied For a Use Variance......................................................................................11

        A.    This Court Conditions Federal Review on "At Least One Meaningful Application for a Variance." ........................................11

        B.    The ZBA's Interpretation is Not a Final Decision Because The Variance Avenue Remains Open, and Appellant has Never Invoked the ZBA's Discretion. ...........................................13

        C.    The Planning Board's Inability to Override the ZBA Does Not Establish Finality; it Identifies the Variance as the Next Step.......................................................................................15

        D.    State-Law Finality under Article 78 is Not Federal Ripeness—and Appellant's Own Lead Authority Proves the Point. .............................................................................16

    III.    Applying For a Use Variance Would Not Require The Appellant to Abandon Any Right................................................................17

IV.    Neither The Futility Exception Nor The Yeshiva's Out-Of-Circuit Authorities Excuses the Missing Variance Application..........................19

    A.   The Futility Exception is Narrow, and Appellant Neither Satisfies Nor Genuinely Invokes It. ..................................................19

    B.   Appellant's District of New Jersey Cases Apply a Different Rule and Cannot Displace Binding Second Circuit Law.................21

V.    The Finality Defect is Fatal to Every Claim, and the Dismissal Without Prejudice was Correct..............................................................23

CONCLUSION...............................................................................................25

CERTIFICATE OF COMPLIANCE........................................................................26

# TABLE OF AUTHORITIES

**Cases**                                                **Page(s)**

*Bais Brucha, Inc. v. Township of Toms River*,
2024 WL 863698 (D.N.J. 2024) ........................................................................ 21

*BMG Monroe I, LLC v. Vill. of Monroe*,
93 F.4th 595 (2d Cir. 2024)....................................................................*Passim*

*Congregation Kollel, Inc. v. Township of Howell*,
2017 WL 637689 (D.N.J. 2017) ........................................................................ 21

*Congregation Rabbinical Coll. of Tartikov, Inc. v. Vill. of Pomona*,
915 F. Supp. 2d 574 (S.D.N.Y. 2013)................................................................ 13

*Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*,
282 F.3d 83 (2d Cir. 2002)............................................................................ 9, 10

*Dreher v. Doherty*,
531 F. App'x 82 (2d Cir. 2013) ........................................................................ 20

*Ferncliff Cemetery Ass'n v. Town of Greenburgh*,
No. 18-CV-6411, 2019 WL 6878560 (S.D.N.Y. Dec. 17, 2019) ................. 13, 18

*Gershowitz v. Planning Bd. of Town of Brookhaven*,
52 N.Y.2d 763 (1980) ....................................................................................... 15

*Harlen Assocs. v. Inc. Vill. of Mineola*,
273 F.3d 494 (2d Cir. 2001).............................................................................. 10

*Hernandez v. Conriv Realty Assocs.*,
182 F.3d 121 (2d Cir. 1999).............................................................................. 24

*Horne v. Dep't of Agric.*,
569 U.S. 513 (2013)............................................................................................ 2

*Khal Anshei Tallymawr, Inc. v. Township of Toms River*,
2021 WL 5757404 (D.N.J. 2021) ...................................................................... 21

iii

*Knick v. Township of Scott*,
   139 S. Ct. 2162 (2019) ...................................................................... 11

*Lost Lake Holdings LLC v. Town of Forestburgh*,
   No. 22-CV-10656, 2025 WL 1899026 (S.D.N.Y. July 9, 2025)........................ 13

*MacDonald, Sommer & Frates v. Yolo County*,
   477 U.S. 340 (1986) ........................................................................ 11

*Murphy v. New Milford Zoning Comm'n*,
   402 F.3d 342 (2d Cir. 2005).................................................................*Passim*

*Nat'l Org. for Marriage, Inc. v. Walsh*,
   714 F.3d 682 (2d Cir. 2013)................................................................. 2

*Rehabilitation Support Servs., Inc. v. Town of Esopus*,
   226 F. Supp. 3d 113 (N.D.N.Y. 2016)...................................... 13, 18, 22

*Rivendell Winery, LLC v. Town of New Paltz*,
   725 F. Supp. 2d 311 (N.D.N.Y. 2010)................................................. 20

*S&R Dev. Estates, LLC v. Bass*,
   588 F. Supp. 2d 452 (S.D.N.Y. 2008)................................................. 20

*Sherman v. Town of Chester*,
   752 F.3d 554 (2d Cir. 2014)................................................................ 2

*Southview Assocs., Ltd. v. Bongartz*,
   980 F.2d 84 (2d Cir. 1992)........................................................... 10, 19

*Suitum v. Tahoe Reg'l Plan. Agency*,
   520 U.S. 725 (1997) ....................................................................... 14

*Sunrise Detox V, LLC v. City of White Plains*,
   769 F.3d 118 (2d Cir. 2014).................................................*Passim*

*Swantz v. Planning Bd. of Vill. of Cobleskill*,
   34 A.D.3d 1159 (3d Dep't 2006) ....................................................... 15

iv

*Town & Country Adult Living, Inc. v. Vill./Town of Mount Kisco*,
No. 17-CV-8586, 2019 WL 1368560 (S.D.N.Y. Mar. 26, 2019) ........................ 20

*Tri-State Video Corp. v. Town of Stephentown*,
No. 97-CV-965, 1998 WL 72331 (N.D.N.Y. Feb. 13, 1998) ............................. 20

*Vill. Green at Sayville, LLC v. Town of Islip*,
43 F.4th 287 (2d Cir. 2022)......................................................................*Passim*

*Williamson Cnty. Reg'l Plan. Comm'n v. Hamilton Bank*,
473 U.S. 172 (1985) ................................................................. 9, 11, 13, 16

*Woodland Cmty. Ass'n v. Planning Bd. of Town of Shandaken*,
52 A.D.3d 991 (3d Dep't 2008) ................................................................. 15

*Yeshiva Talmud Torah Ohr Moshe v. Zoning Board of Appeals*,
170 A.D.3d 1488, 97 N.Y.S.3d 737 (3d Dep't 2019) .......................................... 16

## Rules

Federal Rule of Appellate Procedure 32(a)(7)(B) ............................................. 26

Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) ......................................... 6

Rule 32(a)(5) and (6)......................................................................... 26

Rule 32(f) ............................................................................... 26

## Other Authorities

146 Cong. Rec. S7774..................................................................... 18

146 Cong. Rec. S7776..................................................................... 18

v

## ISSUES PRESENTED

1. Did the District Court correctly dismiss Appellant's federal land-use claims as unripe where Appellant never applied for a use variance—the one form of relief that could authorize its proposed use—and therefore never obtained the "final, definitive position" on the permissible use of its property that *Williamson County* and this Court's decisions in *Murphy*, *Sunrise Detox*, and *BMG Monroe* require?

2. Must the Appellant satisfy the variance-application requirement notwithstanding its novel theory that applying for a variance would force it to "abandon" its position, where a property owner may seek a variance in the alternative without conceding anything, RLUIPA does not exempt religious applicants from ordinary zoning procedures, and binding precedent requires the application regardless of the owner's litigation preferences?

3. Did the District Court correctly hold that the narrow futility exception does not apply—and that Appellant's non-binding, out-of-circuit district-court authorities cannot displace controlling Second Circuit law—where the Zoning Board of Appeals retains discretion to grant use variances and never indicated that it would deny relief?

1

## STANDARD OF REVIEW

This Court reviews *de novo* a district court's dismissal of a claim as unripe. *BMG Monroe I, LLC v. Vill. of Monroe*, 93 F.4th 595, 600 (2d Cir. 2024); *Sherman v. Town of Chester*, 752 F.3d 554, 560 (2d Cir. 2014). De novo review does not, however, place the parties on equal footing. As the party seeking to invoke the federal forum, Appellant bears the burden of establishing that its claims are ripe, and in the land-use context it must carry "the high burden" of proving that this Court "can look to a final, definitive position from a local authority to assess precisely how [it] can use [its] property." *Sunrise Detox V, LLC v. City of White Plains*, 769 F.3d 118, 121 (2d Cir. 2014) (quoting *Murphy v. New Milford Zoning Comm'n*, 402 F.3d 342, 347 (2d Cir. 2005)).

Two points bear note at the outset, because each favors affirmance. First, this Court has explained that the *Williamson County* finality requirement, although sometimes described as jurisdictional, "is not, strictly speaking, jurisdictional," but is a feature of "prudential-ripeness doctrine." *BMG Monroe*, 93 F.4th at 600 (quoting *Horne v. Dep't of Agric.*, 569 U.S. 513, 526 (2013)). That distinction makes no difference here, because Appellant's claims fail whether finality is treated as an element of constitutional ripeness bearing on the concreteness of its injury, *see Vill. Green at Sayville, LLC v. Town of Islip*, 43 F.4th 287, 295 (2d Cir. 2022) (the final-decision requirement is "really just about the first Lujan factor" (quoting *Nat'l Org.*

2

*for Marriage, Inc. v. Walsh*, 714 F.3d 682, 688 (2d Cir. 2013))), or as a prudential prerequisite to suit, *see BMG Monroe*, 93 F.4th at 600. Second, and for the same reason, this Court is "free to affirm the district court's dismissal . . . on prudential-ripeness grounds without first addressing jurisdictional issues such as standing." *Id.* The Court may therefore affirm on the narrowest available ground—Appellant's undisputed failure to obtain a final decision—without reaching any other issue. On any view, Appellant cannot carry its burden, because it never applied for the use variance that this Court's decisions require.

3

## COUNTERSTATEMENT OF THE CASE

This appeal asks whether a religious institution may bypass the finality requirements that govern all federal land-use litigation in this Circuit and obtain immediate federal review of a zoning interpretation without first invoking the one administrative remedy capable of authorizing its proposed use: a use variance. Applying well-settled Circuit law, the District Court (Seibel, J.) held that it may not and dismissed the action without prejudice as unripe. JA-270–298.

### A. The Yeshiva's Application to the Town Planning Board.

Plaintiff-Appellant Yeshiva Ohr Shraga Veretzky (the "Yeshiva" or "Appellant") is a New York religious corporation that provides Orthodox Jewish religious education. JA-13 (Am. Compl. ¶ 8). The Yeshiva acquired property at 211 Mail Road in Barryville, New York (the "Property"), located in a Residential-Agricultural (R-2) zoning district, which had previously operated as a commercial hotel under a special use permit. JA-14–15 (Am. Compl. ¶¶ 17, 19). In February 2023, the Appellant applied to the Town of Highland Planning Board for a special use permit to use the Property for summer religious educational programming and non-summer religious retreats. JA-14–15 (Am. Compl. ¶¶ 18, 23); JA-55–63 (application). The application proposed several new structures, including a synagogue, a mikvah, study and assembly space, and sleeping accommodations for students. JA-16 (Am. Compl. ¶ 24).

4

Over the following months, the Planning Board's consultants and the Town Engineer reviewed the application and considered whether the proposed uses fell within the Town Code's classification of a permitted "place of worship." JA-100–146.

### B. The Zoning Board of Appeals' Interpretation.

At a meeting on January 24, 2024, on the advice of the Town's counsel, the use question was directed to the Town of Highland Zoning Board of Appeals (the "ZBA")—the body vested with authority to interpret the Town Code and to grant variances. JA-156; *see* Town Code § 190-65(B) (ZBA interprets the Code); § 190-66 (ZBA grants variances). The ZBA then conducted its own public proceedings, holding hearings between April 16 and July 18, 2024. JA-165–192. Members of the public raised concerns about traffic, safety, and neighborhood impacts. JA-172–174.

On July 18, 2024, the ZBA adopted a written interpretation concluding that the Yeshiva's proposed summer use constituted a "children's camp," a use prohibited under the Town Code, rather than a permitted "place of worship." JA-183–192. The interpretation was filed with the Town Clerk on August 9, 2024. JA-34 (Am. Compl. ¶ 92).

The Yeshiva did not apply for a use variance—or for any other zoning relief—following the interpretation. The Town Code authorizes the ZBA to grant use variances. Town Code § 190-66(B); JA-291. The ZBA never stated that variance

5

relief would be denied to the Yeshiva or was categorically unavailable for the proposed use.

## C. The Proceedings Below.

On November 7, 2024, the Yeshiva commenced this action in the United States District Court for the Southern District of New York, asserting claims under RLUIPA, the Free Exercise Clause, the Equal Protection Clause, and the New York Constitution. JA-2. Following a pre-motion conference, the District Court granted leave to amend, JA-5, and the Yeshiva filed its Amended Complaint on March 31, 2025, JA-11–51. Defendants moved to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), principally on the ground that the claims were unripe. JA-219–242; JA-256–269.

By Opinion and Order dated March 5, 2026, the District Court granted the motion and dismissed the action without prejudice. JA-270–298. The court held that, although the Planning Board lacked authority to override the ZBA's interpretation or to issue a permit for a prohibited use, the Yeshiva nonetheless failed to satisfy the finality requirement because it never submitted a meaningful application for a use variance. JA-290. The court further held that the Yeshiva had not established futility, because the ZBA retains discretion to grant variances and the Yeshiva had not plausibly alleged that such relief had been predetermined or foreclosed. JA-291–293. Judgment was entered on March 7, 2026, JA-299, and this appeal followed.

6

## SUMMARY OF ARGUMENT

The finality requirement is a threshold prerequisite to federal review, and Appellant bears a high burden to satisfy it. Under *Williamson County* and an unbroken line of Second Circuit decisions—*Murphy*, *Sunrise Detox*, *Village Green*, and, most recently, *BMG Monroe*—a land-use plaintiff has not obtained a final decision, and federal review is unavailable, until the property owner has submitted "at least one meaningful application for a variance." Appellant concededly never did. That omission is, by itself, dispositive.

The ZBA's interpretation that the proposed summer use is a prohibited "children's camp" did not end the local process; it triggered the next step. A use variance is the mechanism that determines whether a use deemed prohibited may nonetheless proceed—precisely the question on which finality turns. Because the Appellant never invoked the ZBA's discretion to grant a variance, no one—not the Town, not a federal court—yet knows whether Appellant may operate its program at the Property. The interpretation thus "leaves undetermined the permitted use of the property in question."

Appellant's contrary arguments do not withstand scrutiny. Its lead point—that further Planning Board proceedings would be futile because the Planning Board is bound by the ZBA's interpretation—proves only that one avenue is exhausted; it says nothing about the separate and dispositive avenue of a use variance before the

7

ZBA. Its "abandonment" argument is mistaken because a property owner may apply for a variance in the alternative without conceding anything, and because RLUIPA does not relieve religious applicants of ordinary zoning procedures. And its reliance on a handful of District of New Jersey decisions cannot displace binding Second Circuit law, which requires the application even where a use has already been classified as prohibited.

The ripeness defect reaches every claim, and dismissal without prejudice was therefore correct. This is a matter of timing, not a closed courthouse door: when Appellant completes the local process, the federal forum will remain open to any claim that survives. The judgment should be affirmed.

## ARGUMENT

### I. THE FINALITY REQUIREMENT IS A THRESHOLD PREREQUISITE TO SUIT THAT GOVERNS EVERY CLAIM THE APPELLANT ASSERTS

Ripeness "is a doctrine rooted in both Article III's case or controversy requirement and prudential limitations on the exercise of judicial authority." *Murphy*, 402 F.3d at 347. It "is 'peculiarly a question of timing,'" *id.*, that exists to prevent federal courts from "entangling [themselves] in abstract disagreements over matters that are premature for review because the injury is merely speculative and may never occur," *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 90 (2d Cir. 2002).

Building on these principles, the Supreme Court has fashioned "specific ripeness requirements applicable to land use disputes." *Murphy*, 402 F.3d at 347. The foundational rule is that a land-use claim "is not ripe until . . . the 'government entity charged with implementing the regulations has reached a final decision regarding the application of the regulations to the property at issue.'" *Vill. Green at Sayville, LLC v. Town of Islip*, 43 F.4th 287, 294 (2d Cir. 2022) (quoting *Williamson Cnty. Reg'l Plan. Comm'n v. Hamilton Bank*, 473 U.S. 172, 186 (1985)).

That final-decision requirement is not confined to takings claims. This Court has applied it to "zoning challenges based on substantive due process; First Amendment rights of assembly and free exercise; [and] the Religious Land Use and Institutionalized Persons Act of 2000," as well as to discrimination claims. *Sunrise*

9

*Detox*, 769 F.3d at 122; *see Southview Assocs., Ltd. v. Bongartz*, 980 F.2d 84, 96–97 (2d Cir. 1992) (substantive due process); *Murphy*, 402 F.3d at 350–52 (First Amendment and RLUIPA); *Dougherty*, 282 F.3d at 88–90 (equal protection). *Village Green* confirms the point, holding that finality governs claims under the Fair Housing Act, the Equal Protection Clause, substantive due process, and RLUIPA alike. 43 F.4th at 294–95. The District Court therefore correctly held that the requirement applies with equal force to each of Appellant's claims—RLUIPA, Free Exercise, Equal Protection, and the parallel state constitutional claims—because all of them arise from the same zoning determination. JA-295.

The requirement rests on considerations that apply directly here. As *Murphy* explained, finality ensures the development of a full record; allows a court to "know precisely how a regulation will be applied to a particular parcel"; serves the "long-standing principle that disputes should be decided on non-constitutional grounds whenever possible," because "a variance might provide the relief the property owner seeks without requiring judicial entanglement in constitutional disputes"; and vindicates federalism, because "land use disputes are uniquely matters of local concern more aptly suited for local resolution." 402 F.3d at 348–49; accord *Harlen Assocs. v. Inc. Vill. of Mineola*, 273 F.3d 494, 505 (2d Cir. 2001) ("federal courts should not become zoning boards of appeal").

10

Nor has any recent development relaxed the rule. Although the Supreme Court in *Knick v. Township of Scott*, 139 S. Ct. 2162 (2019), overruled a separate *Williamson County* requirement that takings plaintiffs first seek compensation in state court, "the final-decision requirement not only remains good law but has been expanded" in this Circuit. *Vill. Green*, 43 F.4th at 294–95. The governing question, then, is not whether Appellant disagrees with the ZBA's reading of the Town Code. It is whether the Town has reached a final, definitive position on what Appellant may ultimately do with the Property. It has not.

## II.  UNDER SETTLED SECOND CIRCUIT LAW, THE APPELLANT NEVER OBTAINED A FINAL DECISION BECAUSE IT NEVER APPLIED FOR A USE VARIANCE

The dispositive feature of this case is simple and undisputed: Appellant never applied for a use variance. JA-290. Under a settled and recently reaffirmed line of Second Circuit authority, that failure means the local process never produced a final decision, and federal review is therefore unavailable.

### A. This Court conditions federal review on "at least one meaningful application for a variance."

*Williamson County* itself turned on the developer's failure to seek a variance: "in the face of [the developer's] refusal to follow the procedures for requesting a variance," the developer had "not yet obtained a final decision regarding how it [would] be allowed to develop its property." 473 U.S. at 190; accord *MacDonald,*

11

*Sommer & Frates v. Yolo County*, 477 U.S. 340, 351–52 & n.8 (1986) (claim unripe where a "meaningful [variance] application has not yet been made").

This Court has distilled that holding into a clear rule of Circuit law. Prong-one ripeness "condition[s] . . . federal review on a property owner submitting at least one meaningful application for a variance." *Murphy*, 402 F.3d at 348. Put the other way, "failure to pursue a variance prevents a federal challenge to a local land[-]use decision from becoming ripe." *Id.* at 353. The Court has reaffirmed that rule again and again. *See Sunrise Detox*, 769 F.3d at 122–24 (developer's failure to seek a variance or appeal to the zoning board "deprived the city of the opportunity to issue a final decision" and left its claim unripe).

Most recently—and most directly on point—this Court reaffirmed in *BMG Monroe* that "'appeal[ing] . . . to the Zoning Board of Appeals and request[ing] variance relief' are both necessary prerequisites to ripeness." *BMG Monroe I, LLC v. Vill. of Monroe*, 93 F.4th 595, 601 (2d Cir. 2024) (quoting *Murphy*, 402 F.3d at 352) (emphasis added). "Under the law of this Circuit, ripeness is 'condition[ed] … on a property owner submitting at least one meaningful application for a variance.'" *Id.* (quoting *Murphy*, 402 F.3d at 348). A variance, as this Court has explained, is "authority to an owner to use [its] property in a manner forbidden by the zoning regulations"—the very mechanism by which a prohibited use may be authorized. *Murphy*, 402 F.3d at 345 n.1; *see BMG Monroe*, 93 F.4th at 602.

Appellant does not dispute that it never submitted a use-variance application. JA-290. Under *Williamson County*, *Murphy*, *Sunrise Detox*, and *BMG Monroe*, that concession is the end of the inquiry: Appellant's "failure to pursue a variance prevents [its] federal challenge . . . from becoming ripe." *Murphy*, 402 F.3d at 353. Courts throughout this Circuit have applied the same rule to religious and other institutional uses deemed prohibited, requiring a use-variance application before a federal claim may proceed. *See Rehabilitation Support Servs., Inc. v. Town of Esopus*, 226 F. Supp. 3d 113, 126–27 (N.D.N.Y. 2016); *Ferncliff Cemetery Ass'n v. Town of Greenburgh*, No. 18-CV-6411, 2019 WL 6878560, at *7 (S.D.N.Y. Dec. 17, 2019); *Lost Lake Holdings LLC v. Town of Forestburgh*, No. 22-CV-10656, 2025 WL 1899026, at *6 (S.D.N.Y. July 9, 2025); *Congregation Rabbinical Coll. of Tartikov, Inc. v. Vill. of Pomona*, 915 F. Supp. 2d 574, 607 (S.D.N.Y. 2013).

### B. The ZBA's interpretation is not a final decision because the variance avenue remains open, and Appellant has never invoked the ZBA's discretion.

Appellant's principal answer is that the ZBA's interpretation was itself a final decision because it conclusively classified the proposed use as prohibited. That argument misapprehends the finality inquiry. The question is not whether a zoning authority has interpreted a code provision in the abstract; it is whether the authority "has reached a final decision regarding the application of the regulations to the property at issue." *Williamson Cnty.*, 473 U.S. at 186. Where a discretionary avenue

13

of relief remains unused, the answer is no, because "it is 'virtually impossible' … to determine 'what development will be permitted on a particular lot of land when its use is subject to the decision of a regulatory body invested with great discretion, which it has not yet even been asked to exercise.'" *Vill. Green*, 43 F.4th at 296 (quoting *Suitum v. Tahoe Reg'l Plan. Agency*, 520 U.S. 725, 739 (1997)).

The ZBA possesses precisely such discretion: the Town Code empowers it to grant a use variance. Town Code § 190-66(B); JA-291. Until the ZBA is asked to exercise that discretion, its interpretation "leaves undetermined the permitted use of the property in question." *Murphy*, 402 F.3d at 353. The interpretation resolved only how the Town Code classifies the proposed use absent a variance; it did not decide whether Appellant may in fact operate its program at the Property—which is the question that matters for finality. A use variance could authorize that very operation. Because that avenue remains open and uninvoked, the local process has not run its course.

This is confirmed by the contrast with the situations in which this Court has found a land-use claim ripe. In *Village Green*, the Court held the dispute ripe only because the Town had treated the application as denied and its attorney had expressly declared that "no further proceedings before the Town Board, Planning Board, or any other Town Agency would be held"—leaving the developer with no remaining avenue of relief. 43 F.4th at 293; *see id.* at 296. Here the opposite is true. An express,

14

discretionary use-variance procedure remains available and has never been invoked. The feature that produced ripeness in *Village Green*—a completely foreclosed local process—is absent, and its absence is dispositive.

### C. The Planning Board's inability to override the ZBA does not establish finality; it identifies the variance as the next step.

Appellant's lead argument (Point I) is that any further proceedings before the Planning Board would be futile because the Planning Board is bound by the ZBA's interpretation and cannot issue a permit for a prohibited use. The District Court accepted this premise: the court agreed that the Planning Board lacked discretion to override the ZBA and that awaiting a formal Planning Board denial was unnecessary. JA-285–286. Appellant's New York authorities establish only that proposition—that a planning board may not disregard a zoning board's interpretation. *See Gershowitz v. Planning Bd. of Town of Brookhaven*, 52 N.Y.2d 763 (1980); *Swantz v. Planning Bd. of Vill. of Cobleskill*, 34 A.D.3d 1159 (3d Dep't 2006); *Woodland Cmty. Ass'n v. Planning Bd. of Town of Shandaken*, 52 A.D.3d 991 (3d Dep't 2008). Defendants do not dispute this narrow point.

But that proposition is beside the point. That the Planning Board route may be exhausted says nothing about the separate and dispositive avenue before a different body—a use-variance application to the ZBA. *Murphy* and *BMG Monroe* require that application even after a use has been classified as prohibited; indeed, that is the very nature of a use variance—it is needed only when a use is otherwise prohibited.

15

The exhaustion of one administrative avenue does not manufacture the finality that federal law demands where another, decisive avenue remains open. Appellant's futility-as-to-the-Planning-Board argument thus establishes, at most, that the next step in the process was a variance application to the ZBA—exactly the step Appellant skipped.

### D. State-law finality under Article 78 is not federal ripeness—and Appellant's own lead authority proves the point.

Appellant conflates two distinct concepts: the finality of an administrative determination for purposes of Article 78 review in state court, and the finality required for federal constitutional and civil-rights litigation. JA-290 n.6. That a zoning interpretation may be sufficiently final to support an Article 78 proceeding does not make federal RLUIPA and constitutional claims ripe under *Williamson County*. The state inquiry asks whether an administrative determination is reviewable; the federal inquiry asks whether the local land-use process has produced a final, definitive position on the permissible use of the property. *Williamson Cnty.*, 473 U.S. at 186; *Murphy*, 402 F.3d at 347–48; JA-290 n.6.

Appellant's own lead authority demonstrates the distinction. *Yeshiva Talmud Torah Ohr Moshe v. Zoning Board of Appeals*, 170 A.D.3d 1488, 97 N.Y.S.3d 737 (3d Dep't 2019)—the case Appellant invokes throughout—was an Article 78 proceeding. The petitioner there challenged a ZBA interpretation directly in state court and obtained merits review without any variance application. *Id.* That is

16

precisely the state-court remedy that was available to the applicant had it wished only to test the correctness of the interpretation. Instead, Appellant chose the federal forum and asserted federal claims for damages and injunctive relief under RLUIPA and § 1983. Having made that choice, it must satisfy the federal finality requirement that comes with it. It cannot borrow Article 78 finality to excuse the variance application that federal law independently demands. JA-290 n.6; JA-295.

### III. APPLYING FOR A USE VARIANCE WOULD NOT REQUIRE THE APPELLANT TO ABANDON ANY RIGHT

The emotional center of Appellant's appeal (Point II) is the contention that requiring a variance forces it to "abandon" its rights—to concede that its use is prohibited in order to obtain something it does not want. The argument has rhetorical force, but it is legally mistaken for four independent reasons.

First, a property owner may seek a variance in the alternative without conceding anything. Parties routinely apply for variances while continuing to maintain that none is required; the application preserves rather than waives the argument that the use is permitted as of right. The applicant was free to tell the ZBA, in the alternative, that its use is a permitted place of worship and that, if the ZBA disagreed, a variance should issue. Nothing in the finality doctrine required Appellant to abandon its legal position, as the District Court correctly recognized. JA-291 n.7.

17

Second, finality looks to use, not labels. Ripeness asks whether Appellant may conduct its program at the Property—not whether it secures an abstract "religious use" designation. A use variance could authorize the very operation Appellant proposes; whether that authorization is labeled a "variance" rather than a "place of worship" permit is immaterial to whether Appellant can use its land, and it is the use, not the label, with which federal ripeness is concerned. To the extent Appellant suggests that a use variance would be pointless because it would authorize only a "children's camp," this Court and the district courts of this Circuit require a use-variance application even where the proposed use has been deemed prohibited. *Rehabilitation Support Servs.*, 226 F. Supp. 3d at 126–27; *Ferncliff Cemetery*, 2019 WL 6878560, at *7. A use variance is the remedy for a prohibited-use classification; that is what the mechanism exists to do. *Murphy*, 402 F.3d at 345 n.1 (a variance is "authority granted to [an] owner to use [its] property in a manner forbidden by the zoning regulations").

Third, RLUIPA confers no exemption from ordinary zoning procedure. Congress made the point expressly: RLUIPA was not intended to "relieve religious institutions from applying for variances, special permits or exceptions, where available without discrimination or unfair delay." 146 Cong. Rec. S7774, S7776 (daily ed. July 27, 2000) (joint statement of Sens. Hatch and Kennedy), quoted in *Murphy*, 402 F.3d at 350. *Murphy* applied the finality requirement to religious-

18

exercise and RLUIPA claims for exactly that reason, 402 F.3d at 350–52. Appellant's religious mission entitles it to RLUIPA's substantial protections—but not to a federal forum before the local process is complete.

Fourth, and most fundamentally, binding precedent requires the application regardless of the owner's preferences. "I do not want what a variance would give me" is not among the recognized exceptions to finality. Those exceptions are futility and a board that "sits purely as a remedial body." *Murphy*, 402 F.3d at 349. A property owner's disinclination to ask for the relief the Code provides is not a third exception, and to create one would require overruling *Murphy* and *BMG Monroe*— something no panel of this Court may do. The "abandonment" theory, in the end, is a request to excuse the very step that defines finality in this Circuit.

## IV. NEITHER THE FUTILITY EXCEPTION NOR THE YESHIVA'S OUT-OF-CIRCUIT AUTHORITIES EXCUSES THE MISSING VARIANCE APPLICATION

### A. The futility exception is narrow, and Appellant neither satisfies nor genuinely invokes it.

Appellant does not genuinely invoke the "narrow" futility except and does not satisfy it. The futility exception is "not mechanically applied" and is construed narrowly. *Murphy*, 402 F.3d at 349. A plaintiff must show that the zoning authority "lacks discretion to grant variances or has dug in its heels and made clear that all such applications will be denied." *Id.*; *Southview Assocs.*, 980 F.2d at 98–99. "[M]ere doubt that [a variance] application would be [granted] is insufficient to

19

establish futility." *BMG Monroe*, 93 F.4th at 602 (quoting *Dreher v. Doherty*, 531 F. App'x 82, 83 (2d Cir. 2013)); *accord Rivendell Winery, LLC v. Town of New Paltz*, 725 F. Supp. 2d 311, 319 (N.D.N.Y. 2010).

Neither branch is met. The ZBA plainly has discretion to grant use variances. Town Code § 190-66(B); JA-291. And the property owner—which never applied—points only to public opposition and to comments by Planning Board members and others who do not decide variance applications. JA-292–293. Hostility by non-decisionmakers does not establish futility. *See S&R Dev. Estates, LLC v. Bass*, 588 F. Supp. 2d 452, 463 (S.D.N.Y. 2008); *Town & Country Adult Living, Inc. v. Vill./Town of Mount Kisco*, No. 17-CV-8586, 2019 WL 1368560, at *12 (S.D.N.Y. Mar. 26, 2019). Appellant never alleged that the ZBA itself predetermined a variance or stated that one would be denied. JA-292–293; *see Tri-State Video Corp. v. Town of Stephentown*, No. 97-CV-965, 1998 WL 72331, at *4 (N.D.N.Y. Feb. 13, 1998) (futility "quite narrowly" construed).

In any event, Appellant now disclaims futility altogether, telling this Court that its appeal "is not a futility case." Appellant's Br. 25. That concession is significant: it removes the only recognized doctrinal off-ramp from the variance-application requirement and leaves Appellant's claims squarely unripe.

20

### B. Appellant's District of New Jersey cases apply a different rule and cannot displace binding Second Circuit law.

Stripped of a futility theory, Appellant is left to urge this Court to follow three unpublished District of New Jersey decisions applying Third Circuit ripeness doctrine—*Congregation Kollel, Inc. v. Township of Howell*, 2017 WL 637689 (D.N.J. 2017); *Khal Anshei Tallymawr, Inc. v. Township of Toms River*, 2021 WL 5757404 (D.N.J. 2021); and *Bais Brucha, Inc. v. Township of Toms River*, 2024 WL 863698 (D.N.J. 2024). Those decisions do not bind this Court, and Appellant concedes as much. Appellant's Br. 25–26.

They also rest on a premise this Court has not adopted: that once a use is deemed prohibited, a variance application "would not clarify the record," so none is required. This is incorrect both factually and legally. Factually, the variance process would, indeed, develop new facts and clarify the record. The process could allow the use; impose conditions addressing local concerns; narrow the dispute; clarify whether any burden remains; create the factual record needed for federal review; and distinguish religious discrimination from ordinary land-use grounds. It would also bear directly on Appellant's claimed injuries and remedies, which a grant of variance relief could eliminate or materially reduce.

Legally, the Second Circuit rule does not turn on whether a variance would generate new facts. It requires "at least one meaningful application for a variance" as the act by which the local authority reaches a final, definitive position on whether

21

the prohibited use may nonetheless proceed. *Murphy*, 402 F.3d at 348, 353; *BMG Monroe*, 93 F.4th at 601. Appellant's contention that a variance "would not generate any additional relevant facts" (Point III) therefore misses the mark: the variance requirement serves not only to develop facts but also to give the local body the opportunity to grant the very relief sought—vindicating finality's constitutional-avoidance and federalism rationales—and to fix what the permitted use of the Property actually is. *Murphy*, 402 F.3d at 348–49.

Appellant's attempt to distinguish the in-circuit authority confirms the problem. It dismisses *Rehabilitation Support Services* as a mere "futility" case, Appellant's Br. 28, but that decision applied the Second Circuit variance requirement to a materially identical situation—a use deemed not permitted—and held the claims unripe for want of a variance application. 226 F. Supp. 3d at 126–27. That this Circuit's rule differs from the approach of some district courts in New Jersey is not a reason to follow New Jersey; it is the reason Appellant's claims are unripe. As the District Court observed, "these cases are not binding on [the District Court.]" JA-287–288. The very fact that Appellant must look beyond this Circuit for support underscores the absence of any Second Circuit authority excusing a religious applicant from seeking an available use variance.

22

## V.    THE FINALITY DEFECT IS FATAL TO EVERY CLAIM, AND THE DISMISSAL WITHOUT PREJUDICE WAS CORRECT

Because the finality requirement is a threshold bar that reaches every claim arising from the same zoning determination, it is fatal to every count—RLUIPA, Free Exercise, Equal Protection, and the parallel state constitutional claims. JA-295; *Sunrise Detox*, 769 F.3d at 122; *Vill. Green*, 43 F.4th at 294–95. The District Court correctly declined Appellant's invitation to treat its religious-liberty claims differently from any other land-use challenge: the operative question is not whether Appellant alleges a burden on religious exercise, but whether the local authority has rendered a final decision on the proposed use. *Murphy*, 402 F.3d at 350–52.

Nor can Appellant manufacture ripeness by repackaging the dispute as economic injury. A plaintiff alleging discrimination in the land-use context "is subject to the final-decision requirement unless he can show that he suffered some injury independent of the challenged land-use decision." *Sunrise Detox*, 769 F.3d at 123. The property owner's alleged harms—the cost of alternative facilities, carrying costs, taxes, and administrative expenses, JA-41 (Am. Compl. ¶ 125); JA-42-43 (Am. Compl. ¶ 132)—all derive from the unresolved zoning question and would be eliminated or materially reduced by a grant of variance relief. They are therefore "speculative" until the local process concludes. JA-289. The recognized independent-injury exceptions—a policy that is discriminatory on its face, or the

23

manipulation of the zoning process out of discriminatory animus to avoid a decision—are neither pleaded nor present here. *Sunrise Detox*, 769 F.3d at 123.

Finally, dismissal without prejudice was correct. An unripe claim is dismissed without prejudice so that the plaintiff may return once its claim matures—the very disposition this Court affirmed in *BMG Monroe*, where the developer's land-use claims were dismissed "without prejudice" as unripe and the dismissal was affirmed. 93 F.4th at 600. And to the extent the defect is treated as jurisdictional, a without-prejudice dismissal is required. *Hernandez v. Conriv Realty Assocs.*, 182 F.3d 121, 123 (2d Cir. 1999). The District Court also acted well within its discretion in declining further leave to amend, because the defect is not a pleading deficiency that re-drafting could cure; it is the absence of a variance application and a final decision. JA-296–298. No allegation can change the undisputed fact that the local process is incomplete.

That last point answers Appellant's loudest refrain—that the District Court has barred it from federal court forever. It has not. Ripeness is "peculiarly a question of timing." *Murphy*, 402 F.3d at 347. The dismissal closes no door permanently; it directs Appellant to complete the step the law requires and to return, if a live federal dispute remains. The federal courthouse is open to Appellant—but only after the local process that defines its claims has run its course.

24

**CONCLUSION**

For the foregoing reasons, the judgment of the District Court dismissing the Amended Complaint as unripe should be affirmed in all respects, together with such other and further relief as this Court deems just and proper.

Dated: June 9, 2026

Respectfully submitted,

**SOKOLOFF STERN LLP**

By: _____
Leo Dorfman
*Attorneys for Defendants-Appellees*
179 Westbury Avenue
Carle Place, New York 11514
(516) 334-4500

25

**CERTIFICATE OF COMPLIANCE**

This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) because, excluding the parts exempted by Rule 32(f), it contains 5,410 words. This brief complies with the typeface and type-style requirements of Rule 32(a)(5) and (6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman.

_____
Leo Dorfman